UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN LESTER MITCHELL,

Plaintiff,

v.

JOE A. LIZARRAGA, et al.,

Defendants.

No. 2:18-cv-02282 CKD P

ORDER

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

**I.     Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

Plaintiff alleges that when he was an inmate at Mule Creek State Prison, unnamed custody staff identified him as a Black Panther/Black Guerilla Family member and a child molester to

other inmates as well as mental health staff because he filed a 602 grievance against three prison staff members. ECF No. 1 at 3, 11. Plaintiff specifically alleges that on or about September 4, 2017 and December 2017, defendant A. Hernandes told a couple of inmates that he would look the other way if another inmate sliced plaintiff up with a razor blade. Id. at 5, 11. Plaintiff alleges that defendant Hernandes made these comments in order to intentionally endanger plaintiff's safety by inciting other inmates to intimidate, harass, and badger plaintiff, and the comments were part of a concerted effort to provoke other inmates to assault plaintiff. Id. On July 11th and 12th, presumably in the same year, defendant Phyllis Childress, the sewing shop supervisor, encouraged other "demented inmates" to badger, intimidate and disrespect plaintiff. Id. at 10. After a similar incident on August 7, 2018, plaintiff was fired from this job assignment. Id. at 11. As a result of these events, plaintiff suffered a chronic skin condition and the denial of parole. By way of relief, plaintiff requests compensatory damages. ECF No. 1 at 6.

### III. Analysis

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable Eighth Amendment claim against defendant A. Hernandes. For the reasons set forth in further detail below, the court finds that the complaint does not state a cognizable retaliation claim against defendant Childress or additional Eighth Amendment claims against defendants Lizarraga and Buckner. These claims are dismissed with leave to amend.

Plaintiff appears to allege that defendant Childress retaliated against him by firing him from his prison job for exercising his rights under the First Amendment. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Prison officials generally cannot retaliate against inmates for exercising First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Because a prisoner's First

Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532. The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Here, plaintiff's allegations against defendant Childress fail to state a retaliation claim because he does not allege that his firing was done without a legitimate penological goal or that it chilled the exercise of his First Amendment rights. Therefore, the claim against defendant Childress will be dismissed with leave to amend.

In order to state a claim cognizable in a civil rights action, a plaintiff must connect the named defendants clearly with the claimed denial of his rights. Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). The court cannot determine from the complaint what role, if any, defendants Lizarraga and Buckner played in the alleged deprivation of plaintiff's rights.

Defendant Lizarraga's supervisory position as the warden and defendant Buckner's position as the Captain of B Facility are not sufficient to link them to the alleged constitutional violations. The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated plaintiff's constitutional rights. Id. Defendants Lizarraga and Buckner cannot be held liable under § 1983 solely because of their supervisory capacity. These defendants will be

dismissed with leave to amend.

**IV.     Plain Language Summary for Pro Se Party**

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that this order is understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not. The retaliation claim against defendant Childress does not contain sufficient details connecting the loss of your prison job to the grievance that you filed against prison officials. Your claims against defendants Lizarraga and Buckner do not state a claim; the fact that these defendants were employed as supervisors is not enough. For these reasons, these defendants are being dismissed. However, you may choose to file an amended complaint to try to fix these problems.

You must now decide if you want to (1) proceed immediately on your Eighth Amendment claim against defendant A. Hernandes and voluntarily dismiss the other defendants or (2) try to amend the complaint to state claims against the remaining defendants. Once you decide, you must complete the attached Notice of Election form by checking only one of the appropriate boxes and return it to the court. Once the court receives the Notice of Election, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for the defendants to be served with a copy of the complaint).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The allegations against Defendants Lizarraga, Buckner, and Childress are dismissed with leave to amend for failing to state a claim.

////

4. Plaintiff has the option to proceed immediately on the Eighth Amendment claim against defendant A. Hernandes, or plaintiff may choose to amend the complaint.

5. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

Dated: April 23, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN LESTER MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>JOE A. LIZARRAGA, et al.,<br><br>Defendants. | No. 2:18-cv-02282 CKD P<br><br><br>PLAINTIFF'S NOTICE OF ELECTION |

Check **one** option:

\_\_\_\_\_ Plaintiff wants to proceed immediately on the Eighth Amendment claim against defendant A. Hernandes; **or**,

\_\_\_\_\_ Plaintiff wants time to file a first amended complaint.

DATED:

_____
Plaintiff

1